April Upchurch Fredrickson, OSB #132027
april.fredrickson@jacksonlewis.com
Daniel Moses, OSB #151935
daniel.moses@jacksonlewis.com
JACKSON LEWIS P.C.
200 SW Market St. Ste. 540
Portland, Oregon 97201
Telephone: (503) 229-0404
Facsimile: (503) 229-0405
    Of Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
MEDFORD DIVISION

| | |
|---|---|
| NEAL EASON, an individual,<br><br>          Plaintiff,<br><br>     vs.<br><br>GREEN MACHINE SALES, LLC, a New<br>Hampshire Limited Liability Company,<br><br>          Defendant. | ) Case No.: 1:19-CV-01749-MC<br>)<br>)<br>)<br>)<br>) PLAINTIFF'S MOTION FOR<br>) SUMMARY JUDGMENT<br>)<br>)<br>)<br>)<br>) |

## LR 7.1(a) CERTIFICATION OF CONFERRAL

In accordance with LR 7-1(a), the parties have conferred regarding this motion.

## MOTION

Pursuant to Federal Rule of Civil Procedure 56, Plaintiff, Neal Eason, moves this Honorable Court for an order granting summary judgment on each of Plaintiff's claims and awarding him damages. Neal Eason is entitled to judgment as a matter of law because, based upon the undisputed, material facts and

Page 1 – **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**Michael W. Franell**
724 S. Central Ave., Ste 113
Medford, OR  97501
P:(541)646-4111; F:(541)646-4112
Mike@FranellLaw.com

applicable law, no objectively reasonable juror could return a verdict for Defendant.

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

### I.     INTRODUCTION

Neal Eason was originally employed by Defendant on April 7, 2014, as a Green Eye Sales Engineer.  Under the terms and conditions of his employment, he was originally employed in a position that was supposed to be exempt.  According to Mr. Eason, he was hired to be a West Coast presence for the company, opening a satellite office in White City, Oregon.  His original salary was set at $75,000 per year.  He was also supposed to receive bonuses off of sales that he completed.

However, after Mr. Eason began working, the nature of the position shifted to where the vast majority of the projects that he was assigned to work were to install, maintain and/or repair of existing customer's equipment, or provide technical support to customers.  He did not routinely order parts for customer's machines. He generally had to go through the company to request another employee to order the parts, although, he would purchase small items such as nuts and bolts needed for repairing the equipment.  He basically turned wrenches and installed, maintained and/or repaired customer's machines and provided technical support.

Occasionally, he would offer input on new design ideas, but, Green Machine, Inc. had engineers who were responsible for the equipment design.

In the two years prior to his employment termination, Mr. Eason worked extensive overtime.  According to his time records, for the two years prior to his filing a lawsuit, he had worked. 1,315 hours in excess of his 40 hours per week.  Yet, the company failed to pay Mr. Eason overtime for his work.  As such, Mr.

Page 2 – **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**Michael W. Franell**
724 S. Central Ave., Ste 113
Medford, OR  97501
P:(541)646-4111; F:(541)646-4112
Mike@FranellLaw.com

Eason is entitled to overtime pay for the additional time, plus penalties, costs, disbursements and attorney fees.

## II. STATEMENT OF FACTS

Mr. Eason began working for Defendant in April of 2014.[1] He was hired, supposedly to open a west coast branch for Defendant's business and manage sales from that branch.[2] He was to receive a salary of $75,000 per year.[3] Plus he was to receive a bonus for any systems that he sold.

However, over time the position changed so that is not what Plaintiff's job turned out to be. During the time relevant to this suit, he spent most of his time traveling to customer's locations to install, repair and/or maintain equipment the customer had purchased and provide technical support.[4]

In the two years immediately prior to filing suit, according to time records submitted by Mr. Eason to the employer, he worked 1315 hours in excess of a 40 hour work week. He received no additional compensation for the extra time that he worked.[5] He received no commissions for any sales that he may have been involved with.[6] His primary duties were to install, repair and/or maintain equipment and provide technical support.[7]

All of Mr. Eason's job knowledge came from on the job training. He had no special schooling. He learned as he worked.

## III. LAW AND ARGUMENT

### a. Summary Judgment Standard

---

[1] Plaintiff's affidavit, ¶2 and Exhibit 1
[2] Plaintiff's affidavit, ¶3
[3] Plaintiff's affidavit, ¶4
[4] Plaintiff's affidavit, ¶5, and Exhibit 2
[5] Plaintiff's affidavit ¶6
[6] Plaintiff's affidavit ¶7
[7] Plaintiff's affidavit ¶8, and Exhibit 3

Page 3 – **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**Michael W. Franell**
724 S. Central Ave., Ste 113
Medford, OR 97501
P:(541)646-4111; F:(541)646-4112
Mike@FranellLaw.com

To withstand summary judgment, Plaintiff must establish – through competent, admissible evidence – the existence of genuine issues of material fact. Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). A fact is "material" only if it has some effect on the outcome of the suit. *Bessemer Trust Co. N.A. v. Branin*, 618 F.3d 76, 85 (2nd Cir. 2010). A factual issue is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

> As explained by Chief Justice Rehnquist in the landmark *Celotex* decision:
>
> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Id*. at 322-323 (emphasis added). Similarly, in *Anderson*, the Supreme Court held that:

> The mere existence of a scintilla of evidence in support of the [defendant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [defendant.] *The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the [defendant] is entitled to a verdict*.

Page 4 – **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**Michael W. Franell**
724 S. Central Ave., Ste 113
Medford, OR  97501
P:(541)646-4111; F:(541)646-4112
Mike@FranellLaw.com

*Anderson*, 477 U.S. at 252 (emphasis added). Applying this standard, Boise Cascade is entitled to summary judgment because no reasonable juror could return a verdict in Plaintiff's favor.

### b. **Applicable Statutes, Regulations and Cases.**

### **Federal Statutes, Regulations and Cases**

Overtime in regards to the Federal Claims are covered under The Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq.* and its implementing regulations 29 C.F.R. §541 & §578. Overtime in Oregon is covered under ORS 653.261 and its implementing regulations OAR 839-020-0030. In particular, as applicable to this case, 29 C.F.R. §541.3 provides in relevant part:

> (a) The section 13(a)(1) exemptions and the regulations in this part do not apply to manual laborers or other "blue collar" workers who perform work involving repetitive operations with their hands, physical skill and energy. Such nonexempt "blue collar" employees gain the skills and knowledge required for performance of their routine manual and physical work through apprenticeships and on-the-job training, not through the prolonged course of specialized intellectual instruction required for exempt learned professional employees such as medical doctors, architects and archeologists. Thus, for example, non-management production-line employees and non-management employees in maintenance, construction and similar occupations such as carpenters, electricians, mechanics, plumbers, iron workers, craftsmen, operating engineers, longshoremen, construction workers and laborers are entitled to minimum wage and overtime premium pay under the Fair Labor Standards Act, and are not exempt under the regulations in this part no matter how highly paid they might be.

The Ninth Circuit has previously held:

Page 5 – **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**Michael W. Franell**
724 S. Central Ave., Ste 113
Medford, OR  97501
P:(541)646-4111; F:(541)646-4112
Mike@FranellLaw.com

> [T]he FLSA "is to be liberally construed to apply to the furthest reaches consistent with Congressional direction ... FLSA exemptions are to be narrowly construed against ... employers and are to be withheld except as to persons plainly and unmistakenly within their terms and spirit." *Klem v. County of Santa Clara,* 208 F.3d 1085, 1089 (9th Cir.2000) .

In the case, <u>Bothel v. Phase Metrics, Inc.</u> 299 F.3d 1120, (9th Cir. 2002), the court analyzes the administrative/production dichotomy. In analyzing the dichotomy, the court indicates that to meet the requirements for administrative exemption, the employee's work must be of "substantial importance" to the "management or operation" of the business. *Id* at 1128. To be of substantial importance to the management or operation of the business, the employee must be performing tasks such as managing the customer accounts, making decisions in regards to staffing, doing supervision and billing and developing policies for the customer accounts.

However, the court in discusses duties that would not be considered administrative duties says: the employee "was essentially a repairman, then he did not engage in "running the business itself or determining its overall course or policies as exempt. In fact the court states:

> If, however, the fact-finder concludes that Bothell was a highly skilled repairman whose primary duty was to install, troubleshoot, and maintain production equipment, he would not qualify as exempt and would be entitled to overtime compensation. *Id.* at 1129.

This would be trued no matter how much the employee was paid.

### Oregon Statutes, Regulations and Cases

Page 6 – **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**Michael W. Franell**
724 S. Central Ave., Ste 113
Medford, OR  97501
P:(541)646-4111; F:(541)646-4112
Mike@FranellLaw.com

In Oregon, Overtime claims are decided using ORS 653.020 and OAR 839-020.

ORS 653.020(3) & (6) provides the exemption that the laws relating to overtime do not apply to:

> (3) An individual engaged in administrative, executive or professional work who:
>
> (a) Performs predominantly intellectual, managerial or creative tasks;
>
> (b) Exercises discretion and independent judgment; and
>
> (c) Earns a salary and is paid on a salary basis.
>
> . . .
>
> (6) An individual engaged in the capacity of an outside salesperson or taxicab operator.

The Oregon Bureau of Labor and Industries (BOLI) is tasked with administering the state's overtime wage laws.  In their guidance, they state that for an employee to be exempt from the requirement to pay overtime, the employee must meet both the salary test and the duties test.  In relation to the duties test for the administrative exemption, BOLI states an employee job duties must be:

> The performance of office or **non-manual** work directly related to management policies or general business operations of the employee's employer or the employer's customers. The work must be distinguished from production or sales work and is limited to duties directly related to the running of a business and not merely carrying out day to day affairs; (emphasis added).

**Oregon statutes applicable to the failure to pay all wages due at employment termination**.

Page 7 – **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**Michael W. Franell**
724 S. Central Ave., Ste 113
Medford, OR  97501
P:(541)646-4111; F:(541)646-4112
Mike@FranellLaw.com

Oregon requires an employer to pay an employee all sums due to the employee by the end of the first business day following the employment termination when the employer terminates the employment relationship. ORS 652.140. When an employer fails to pay the employee all wages due. When an employer willfully fails to pay all wages due, if the employee sends a demand for payment of wages, and the employer fails to pay all wages due within 12 days of the demand, the employee shall also be entitled to a penalty in the amount of the calculated regular rate of pay times 8 hours a day, limited to no more than 30 days. ORS 652.150. Oregon courts have defined wilfully as

> An employer wilfully fails to pay when it does so intentionally, *i.e.,* knows what it is doing, intended to do it and is a free agent. *Sabin v. Willamette-Western Corp.,* 276 Or. 1083, 1093, 557 P.2d 1344 (1976); *Kling v. Exxon Corp.,* 74 Or.App. 399, 408, 703 P.2d 1021 (1985); *Garvin v. Timber Cutters, Inc.,* 61 Or.App. 497, 500, 658 P.2d 1164 (1983).

Wells v. Carlson, 78 Or. App. 536, 541, 717 P.2d 640, 643 (1986).

## ARGUMENT

Based upon the foregoing legal principals, the analysis of whether or not Mr. Eason was exempt as to the payment of overtime is determined as to whether or not he could be classified as an administrative employee. Based upon the undisputed factual record as demonstrated by Mr. Eason's weekly time cards, and his declaration, during the time at issue in this suit, his primary duties involved

Page 8 – **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**Michael W. Franell**
724 S. Central Ave., Ste 113
Medford, OR 97501
P:(541)646-4111; F:(541)646-4112
Mike@FranellLaw.com

installing, maintaining and repairing sorting (production) equipment at different customer's sites as well as providing customers technical support.

As such, he was performing as a highly skilled repairman, however, he had no special schooling to prepare him for his work. It was all learned on the job. None of his time cards reflect any time that he was acting as a salesman. If fact all of his time cards indicate that his primary job function was acting as a blue collar, highly skilled, repairman. As such, he cannot be considered an exempt worker. As stated in <u>Bothel v. Phase Metrics, Inc.</u> 299 F.3d 1120, 1129 (9th Cir. 2002)

> If, however, the fact-finder concludes that [Eason] was a highly skilled repairman whose primary duty was to install, troubleshoot, and maintain production equipment, he would not qualify as exempt and would be entitled to overtime compensation.

Mr. Eason was earning a salary of $90,000.00 per year. While the employer may argue that this qualifies him as a highly compensated employee and is thus and indication that he is exempt. However, federal regulations state in relevant part:

> *(d) This section applies only to employees whose primary duty includes performing office or non-manual work. Thus, for example, non-management production-line workers and non-management employees in maintenance, construction and similar occupations such as carpenters, electricians, mechanics, plumbers, iron workers, craftsmen, operating engineers, longshoremen, construction workers, laborers and other employees who perform work involving repetitive operations with their hands, physical skill and energy are* **not exempt under this section no matter how highly paid they might be.** *(emphasis added)*

29 C.F.R. § 541.601(d).

Therefore, Mr. Eason is entitled to overtime pay . In order to calculate the amount of pay, since Mr. Eason was earning an annual salary, we must have a method to

Page 9 – **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**Michael W. Franell**
724 S. Central Ave., Ste 113
Medford, OR  97501
P:(541)646-4111; F:(541)646-4112
Mike@FranellLaw.com

determine what his hourly rate is. Pursuant to 29 C.F.R§778.113 provides how to calculate the hourly rate. The section states:

> (b) Salary for periods other than workweek. Where the salary covers a period longer than a workweek, such as a month, it must be reduced to its workweek equivalent. A monthly salary is subject to translation to its equivalent weekly wage by multiplying by 12 (the number of months) and dividing by 52 (the number of weeks). A semimonthly salary is translated into its equivalent weekly wage by multiplying by 24 and dividing by 52. Once the weekly wage is arrived at, the regular hourly rate of pay will be calculated as indicated above. The regular rate of an employee who is paid a regular monthly salary of $1,560, or a regular semimonthly salary of $780 for 40 hours a week, is thus found to be $9 per hour. Under regulations of the Administrator, pursuant to the authority given to him in section 7(g)(3) of the Act, the parties may provide that the regular rates shall be determined by dividing the monthly salary by the number of working days in the month and then by the number of hours of the normal or regular workday. Of course, the resultant rate in such a case must not be less than the statutory minimum wage.

Applying the formula in that section to Mr. Eason's salary of $90,000.00 per year results in an hourly rate of $43.2692. Multiplying that times 1.5 results in an overtime rate of $64.9038 per hour. Mr. Eason worked 1,315 hours of overtime for which he was not paid. Multiplying the overtime rate times 1315 hours results in overtime pay in the amount of $85,348.50 the employer owes Mr. Eason. Pursuant to 29 USC §216(b), Mr. Eason is also entitled to an equal amount of liquidated damages and costs, disbursements and attorney fees. Therefore, under

Page 10 – **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**Michael W. Franell**
724 S. Central Ave., Ste 113
Medford, OR  97501
P:(541)646-4111; F:(541)646-4112
Mike@FranellLaw.com

the federal statutes, Mr. Eason is entitled to $170,696.99 plus costs, disbursements and attorney fees.

**State Claim for Overtime**

Mr. Eason is also, under Oregon Revised statutes entitled to Overtime. Although, under state regulations, the calculation for overtime is a little different as his hourly rate must be determined on a weekly basis for the affected time. OAR 839-020-030. Under Oregon's weekly determination of the regular rate of pay, for instance, the week ending October 28, 2017, Mr. Eason worked a total of 81 hours. Therefore, you take his weekly salary and divide by the total number of hours worked to arrive at the regular rate of pay for that week. Mr. Eason's regular rate of pay would be $21.37 per hour and his overtime rate would be one and one half times that or $32.05. According to the spreadsheet attached hereto as Exhibit A, Mr. Eason is entitled to overtime pay in the amount of $44,875.49. However, since Mr. Eason has already recovered his overtime pay pursuant to our first claim, he is only entitled to recover damages under Oregon Statutes. Pursuant to ORS 652.020(8)(b)(C) the employee is also entitled to liquidated damages in an amount equal to the unpaid overtime wages. Therefore, Mr. Eason is entitled to liquidated damages in an amount of $44,875.49.

Page 11 – **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**Michael W. Franell**
724 S. Central Ave., Ste 113
Medford, OR  97501
P:(541)646-4111; F:(541)646-4112
Mike@FranellLaw.com

**Failure to pay all wages due on termination.**

The defendant terminated Mr. Eason's employment on May 22, 2019.[8] On October 14, 2019, Mr. Eason had his attorney send a demand letter to Defendant demanding payment of the overtime wages. Defendant did not respond to the letter within the 12 day timeframe required by law, so, on October 30, 2019, Mr. Eason filed this lawsuit. Pursuant to ORS 652.140(1), since Defendant terminated Mr. Eason's employment, all of his wages due should have been paid on the next business day, May 23, 2019. As previously set forth, the employer did not pay Mr. Eason his overtime wages. Pursuant to ORS 652.150, since the employer failed to pay the wages for more than 12 days after receipt of the written demand, the Defendant is obligated to continue the wages at the regular rate of pay for eight hours per day for 30 days. Using Mr. Eason's regular rate of pay of $43.27 per hour, times eight hours per day times 30 days, Defendant owes Mr. Eason $10,384.80 in penalty wages, plus costs, disbursements and attorney fees pursuant to ORS 652.200.

## CONCLUSION

Mr. Eason is entitled to overtime compensation for the unpaid overtime wages. Pursuant to Federal Law, he is entitled to $85,348.50 plus liquidated damages of $85,348.50. Pursuant to state law, he is entitled to liquidated damages in the

---

[8] Exhibit B

Page 12 – **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**Michael W. Franell**
724 S. Central Ave., Ste 113
Medford, OR  97501
P:(541)646-4111; F:(541)646-4112
Mike@FranellLaw.com

amount of $44,875.49.  Finally, since he was not paid all wages due with the one business day of his employment termination, nor with 12 days following delivery of his written wage demand, the employer owes him penalty wages in the amount of $10,384.80.  His total claim is $225,957.29, plus costs, disbursements and reasonable attorney fees.  Therefore, Mr. Eason requests this court to make a judgment for Plaintiff in the amount of $225,957.29 plus costs, disbursements and reasonable attorney fees.

      Respectfully  submitted this 20th Day of November, 2020

      /s/ Michael W. Franell

      _____
      Michael W. Franell, OSB #902680
      Attorney for the Plaintiff

Page 13 – **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**Michael W. Franell**
724 S. Central Ave., Ste 113
Medford, OR  97501
P:(541)646-4111; F:(541)646-4112
Mike@FranellLaw.com

## DECLARATION OF SERVICE

I hereby certify that I served the foregoing **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** via:

- ☐ Electronic Mail
- ☐ U.S. Postal Service
- ☒ CM/ECF
- ☐ Facsimile Service
- ☐ Hand Delivery
- ☐ UPS

as follows on the date stated below:

April Upchurch Fredrickson
Jackson Lewis P.C.
200 SW Market Street, Suite 540
Portland, OR  97201
April.Fredrickson@jacksonlewis.com


DATED this 20th day of November, 2020.

/s/ Michael W. Franell
_____
Michael W. Franell
Attorney for the Plaintiff

Page 1 – **DECLARATION OF SERVICE**